**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA**

**EDGAR SIERRA JIMENEZ**                                          **CIVIL ACTION**

**VERSUS**                                                        **NO. 06-10803**

**OMNI ROYAL ORLEANS HOTEL, ET AL.**                              **SECTION I/4**

### ORDER AND REASONS

Before the court is a motion to remand filed on behalf of plaintiff, Edgar Jiminez. Defendants in this matter are Omni Royal Orleans Hotel, Omni Hotels Management Corporation, Omni Hotels, (collectively "Omni") and Julie Noto. For the following reasons, plaintiff's motion is **GRANTED**.

### BACKGROUND

On October 19, 2005, plaintiff Edgar Jimenez fell into an open manhole while walking down Chartres Street in New Orleans.[1] The manhole was located in front of a parking garage and in an area owned by the Omni Orleans Hotel.[2] The hotel engineers had removed the cover[3] while conducting a meter reading.[4]

As a result of his injury, plaintiff filed suit against Omni

---

[1] Rec. Doc. No. 1-2, p.2.

[2] Rec. Doc. No. 1-2, p.2.

[3] Rec. Doc. No. 1-2, p. 2.

[4] Rec. Doc. No. 5-1, p. 5.

and Julie Noto, the general manager of Omni Royal Orleans Hotel.[5] Noto is the sole in-state defendant and, if properly joined, destroys diversity jurisdiction.[6]

Plaintiff alleges that the negligent acts and/or omissions of Omni employees caused his fall.[7] Specifically, plaintiff argues thirteen acts of negligence, including failure to train and supervise employees.[8] Defendants reply that plaintiff witnessed the cover being removed and purposely fell in the hole.[9] On December 6, 2006, defendants filed their notice of removal,[10] asserting federal diversity jurisdiction because Noto was improperly joined.[11] Plaintiff now moves to remand.[12]

## LAW AND ANALYSIS

**I. Standard of Law**

*A. Motion to Remand*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal

---

[5]*See* Rec. Doc. No. 1-2, p.1.

[6]Rec. Doc. No. 1-2, p. 1.

[7]Rec. Doc. No. 1-2, p. 2.

[8]Rec. Doc. No. 1-2, p. 3.

[9]Rec. Doc. No. 3, p. 2.

[10]Rec. Doc. No. 1-1, p. 1.

[11]Rec. Doc. No. 1-1, p. 3.

[12]Rec. Doc. No. 4.

statute is strictly construed.  *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").  Doubts concerning removal are to be construed against removal and in favor of remand to state court.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).  Here, the only issue in dispute is whether Noto is properly joined to defeat diversity jurisdiction.[13]

B.  *Improper Joinder*

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Smallwood v. Ill. Cent. R.R.,* 385

---

[13]Neither party disputes that the amount in controversy requirement is satisfied.

F.3d 568, 573 (5th Cir. 2004) (en banc).[14]  In *Smallwood v. Illinois Central Railroad*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
>
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law.  A court may resolve the issue in one of two ways.  The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.  That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one."  *B.*,

---

[14] The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder."  *Smallwood*, 385 F.3d at 571 n.1.

*Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549). The court must also resolve all ambiguities in the controlling state law in plaintiff's favor. *Id.*

**II. Analysis**

This case turns on whether Noto may be held personally liable even though she delegated engineering duties to the hotel's engineering personnel. In *Canter v. Koehrung Co.*, the Louisiana Supreme Court established when an employee is liable to a third person for actions performed in the course of employment. 283 So. 2d 716 (La. 1973). For an employee to be liable, she must be personally (not vicariously) at fault. *Id.* at 721. The Court explained, "[P]ersonal liability cannot be imposed upon the . . . employee simply because of his general administrative responsibility for performance of some function of the employment." *Id.* The question becomes the propriety of any delegation of a general administrative responsibility:

> If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this

-5-

responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm. *Id*.

Defendants point to Noto's affidavit to demonstrate her delegation of engineering responsibilities. Noto specifically states that she delegated all engineering duties to the engineering personnel.[15] Further, she "delegated and relied" upon these individuals for "any meter readings that were to take place below street and sidewalk level that would require the removal of a manhole cover."[16] However, regardless of Noto's general delegation of duties, plaintiff has asserted that "defendants had both actual and/or constructive knowledge of the hazardous condition of the premises and failed to take remedial actions."[17] Therefore, plaintiff has stated a claim under *Canter* that Noto had actual or constructive knowledge of the hazard and failed to cure the risk. Even assuming the Court could pierce the pleadings to resolve this allegation,[18] Noto's affidavit offers no statement regarding her knowledge of the risk.

Resolving all unchallenged factual allegations in the light most favorable to plaintiff and resolving contested issues of fact

---

[15] Rec. Doc. No. 5-2, p. 2.

[16] Rec. Doc. No. 5-2, p. 2 ¶12.

[17] Rec. Doc. No. 1-2, p. 5 ¶XI.

[18] Pursuant to *Smallwood*, this Court may pierce the pleadings "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." 385 F.3d at 573-74.

in his favor, *Travis*, 326 F.3d at 649, defendants have failed to prove that there is no reasonable basis to predict that plaintiff might be able to recover against the in-state defendant.  While resolution of the facts at issue in this case may ultimately prove that Noto cannot be held personally liable, adjudicating the merits of the case is beyond this Court's mandate on a motion to remand. *See, e.g.*, *Travis*, 326 F.3d at 650-51 (plaintiff's lack of evidence against in-state defendant at this stage of case does not establish that there is no reasonable possibility of recovery against in-state defendant).

Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand[19] is **GRANTED** and the case is **REMANDED** to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, March \_\_\_\_14th\_\_\_\_, 2007.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[19] Rec. Doc. No. 4.